# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
## No. 22-84V

PETER EVAN KENSETH,

     Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

     Respondent.

Chief Special Master Corcoran

Filed: March 5, 2026

*Christopher John Maley, Maley and Maley, PLLC, Burlington, VT, for Petitioner.*

*Crystal Fialkowski, U.S. Department of Justice, Washington, DC, for Respondent.*

### **DECISION DISMISSING CLAIM**[1]

On January 27, 2022, Peter Kenseth filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq*[2] (the "Vaccine Act"). Petitioner alleged that he suffered from brachial neuritis ("BN") as a result of a tetanus-diphtheria ("Td") vaccine he was administered. Petition at 1.

On November 30, 2022, Respondent filed his Rule 4(c) Report ("Report") opposing compensation. ECF 22. He argued in it that Petitioner had not suffered the residual effects or complications of his alleged injury for more than six months. *Id.* at 1. Petitioner initially treated for approximately three months, followed by a year-long gap in treatment from February 2022 to March 2023. *Id.* at 4.

---

[1] Because this unpublished ruling contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Respondent also argued that Petitioner failed to establish a Table claim because "[P]etitioner's pain was not within the Table timeframe," "the EMG/NCS results in [P]etitioner's case are not consistent with BN," and Petitioner's cervical radiculopathy explains his symptoms. *Id.* at 9-11. Lastly, Respondent argued that Petitioner has not shown actual causation. *Id.* at 11.

A telephonic status conference was held in the matter on February 25, 2025, to discuss next steps. Petitioner's counsel stated there may be some ongoing symptoms, but he lacked the relevant records at the time. Following the call, I directed Petitioner to respond to a show cause order by April 18, 2025, why this claim should not be dismissed. ECF No. 28. I noted in the Order that there was a lack of sufficient evidence to establish six months of sequelae, or to establish certain Table elements. *Id.* at 2-3. I also noted that failure to respond to the Order would risk dismissal of Petitioner's claim. *Id.* at 3.

Petitioner never subsequently responded – a period of more than ten months. It is a petitioner's obligation to follow and respond to orders issued by a special master in a case or risk the claim's dismissal. *Padmanabhan v. Sec'y of Health & Hum. Servs.*, 638 Fed. App'x 1013 (Fed. Cir. 2016); *Tsekouras v. Sec'y of Health & Hum. Servs.*, 26 Cl. Ct. 439 (1992), *aff'd*, 991 F.2d 810 (Fed. Cir. 1993) (per curiam), ("[c]ontrolling precedent considers dismissal appropriate when failure to act is deemed willful, when it is in violation of court orders, when it is repeated, and when clear warning is given that the sanction will be imposed"); *Sapharas v. Sec'y of Health & Hum. Servs.*, 35 Fed. Cl. 503 (1996) ("[n]ot only did petitioner fail to meet the court's .... deadline, but he also ignored the chief special master's 'warning' order, clearly placing petitioner on notice that failure to respond to the court's order ..., would result in dismissal of the claim."); *see also* Vaccine Rule 21(b) ("[t]he special master or the court may dismiss a petition or any claim therein for failure of the petitioner to prosecute or comply with these rules or any order of the special master or the court.").

Petitioner was specifically advised in my Order to Show Cause that failure to follow orders issued in this matter could result in dismissal of the claim. Because Petitioner has not provided a response, justification, or an explanation, and because the existing record does not support six months of sequelae or establish a Table claim, dismissal is now appropriate.

Accordingly, this case is DISMISSED for failure to prosecute. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court SHALL ENTER JUDGMENT in accordance with the terms of this Decision.[3]

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master